UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                            Case No.:  3:21mc66/MCR/EMT

DYLAN JAMES LUCIUS,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on a Motion to Return Seized Property, filed by Fred Allen Lucius, Sr. (on his behalf and on behalf of Sandra Lucius) ("Movants") (ECF No. 1), proceeding pro se, and a response in opposition filed by the United States ("Government") (ECF No. 2). The matter was referred to the undersigned for the issuance of a report and recommendation to the district court (ECF No. 3). After careful consideration of the parties' arguments, the undersigned concludes the motion should be denied without prejudice.

I.    BACKGROUND

The events preceding the filing of Movants' motion are set forth in detail by the Government (ECF No. 2 at 1–4),[1] are not in dispute, and need not be repeated in

---

[1] The court cites to the page numbers automatically assigned by the court's electronic filing system.

their entirety here.  Suffice it to say that on July 29, 2021, United States Magistrate Judge Michael J. Frank issued a search warrant authorizing the search of a residence at 1872 Loyola Street, in Pensacola, Florida, a home believed to be occupied by one or more Lucius family members, including Dylan James Lucius, the target of the FBI's investigation and a registered sex offender (*see* Case No. 3:21mj250 (N.D. Fla.)).  The warrant authorized the seizure of items that may contain evidence relating to the possession, receipt, and distribution of child pornography, including computers, cell phones, tablets, and related or similar accessories.  FBI agents executed the search warrant on August 4, 2021, and seized numerous items from the residence, including multiple electronic devices.  Movants now seek return of all items seized.[2]

The Government seeks denial of the motion, arguing the motion lacks legal merit (ECF No. 2).  In pertinent part, the Government notes that the FBI's investigation is ongoing, forensic examiners are still examining the digital media,

---

[2] Movants specifically identity four items as belonging to them and seek their return: a "Lenovo laptop Idea pad L340," a "Gold Ipad model A1538 SNFELC309BGHKL," a "Mobile hard disk box model S8," and an "Insignia 2.5-inch USB 3.0 Sata HDD enclosure" (ECF No. 1 at 1 (verbatim)).  Movants also seek the return of "[a]ll other items listed on [E]xhibit B," claiming "[t]he owner of this property [presumably one or both Movants] has committed no crime" (*id*.). Exhibit B is the FBI's Inventory/Receipt of items seized during the search, and that inventory lists nearly thirty items (*id*. at 10–12).  It thus appears Movants seek return of all items seized, not just the four items they specifically identify.

Case No.: 3:21mc66/MCR/EMT

and the seized items may contain contraband which cannot be returned pursuant to law or public policy (*id.*).  The Government notes it intends to return the property at the conclusion of the FBI's investigation, provided the property is not contraband or subject to forfeiture.  No indictments have been returned in relation to the search at 1872 Loyola Street, and it appears that only Dylan James Lucius is a target of the FBI's investigation, not Movants.

II.    DISCUSSION

Rule 41 of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

A district court should consider four factors in determining whether to grant a pre-indictment motion for return of seized property, whether: (1) government agents callously disregarded movants' rights; (2) movants have an individual interest in and need for the items or materials whose return they seek; (3) movants would be irreparably injured by a denial of the return of the property; and (4) movants have

an adequate remedy at law for the redress of their grievance. *Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593, 598 (5th Cir. 2021) (citing *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975)[3]).

Movants do not allege, nor do the facts suggest, that any agent of the Government showed a callous disregard for Movants' rights. FBI agents obtained a valid search warrant before entering the premises and seized items authorized by that warrant. Moreover, Movants generally contend only that the seized items "belong" to them or are "owned" by them, but these contentions fall far short of establishing that they in fact have individual interests in the items—much less a need for them. In fact, Movants assert no "need" at all for the items, instead seeking their return merely because the items belong to them and they have committed no crime.[4] Likewise, Movants have not shown, or even alleged, they would be irreparably injured by a denial of the property's return. Last, Movants have an adequate remedy at law, to the extent they would even need to pursue such a remedy given the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[4] Movants also contend that "all property seized must be searched and returned within 72 hrs. unless the issuing judge allowed for a longer period of time . . . [which] was not done in this case" (ECF No. 1 at 6 (citing Fla. Stat. § 933.14)). This Florida statute does not apply to search warrants issued by federal judicial officers, such as Magistrate Judge Frank.

Government's position that any property that is not contraband or subject to forfeiture will be returned upon conclusion of the FBI's investigation—that is, Movants can return to this court under Rule 41(g), upon completion of the Government's investigation and determination regarding which, if any, property will be returned.

Of course it bears mention that the search in this case was designed to discover child pornography—material that cannot be legally possessed, regardless of who "owns" it. The Government's forensic examiners need sufficient time to complete their analysis, to ensure that all electronic devices are free of any illicit materials, to determine which devices might reasonably be subject to forfeiture, and to ensure that the Government retains that which might be necessary to respond to a motion to suppress and prosecute its case. "'[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.'" *United States v. Cardona-Sandoval*, 518 F.3d 13, 15 (1st Cir. 2008) (quoting *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)). And it bears repeating that this case is in the pre-indictment, investigative stage. *Cf. United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014) ("'It is well settled that the

Government may seize evidence for use in investigation and trial, but that it must return the property *once the criminal proceedings have concluded*, unless it is contraband or subject to forfeiture.'") (quoting *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000) (emphasis added).

III.   CONCLUSION

Movants have not shown they are entitled to return of any of the items seized during the search of 1872 Loyola Street on August 2, 2021, at this time.  Therefore, their motion for return of property should be denied without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

That Movants' "Motion to Return Seized Property" (ECF No. 1) be **DENIED without prejudice**.

At Pensacola, Florida, this 14th day of December 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.